CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF NEW JERSEY, ALFRED J. PAKENHAM, MARIE A. PAKENHAM, WILLIAM A. NOLAN, TOWNSHIP OF WEEHAWKEN, IN THE COUNTY OF HUDSON, HARRY C. MOORE, THE TOWN OF WEST NEW YORK, IN THE COUNTY OF HUDSON, A MUNICIPAL CORPORATION OF NEW JERSEY, PETER DUGAN, FRANCES DUGAN, THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION, AND TOWN OF SECAUCUS, RELATORS, v. HOMER C. ZINK, COMPTROLLER OF THE TREASURY OF NEW JERSEY, AND NEWARK BOARD OF EDUCATION, RESPONDENTS.

Argued March 28, 1945—Decided April 26, 1945.

Before Justices CASE, BODINE and PORTER.

For the relators City of Jersey City, Alfred J. Pakenham, Marie A. Pakenham and William A. Nolan, *Charles Hershenstein, Milton B. Conford, John F. Lynch, Jr.,* and *Charles A. Rooney.*

For the relators Township of Weehawken and Harry C. Moore, *John N. Platoff.*

For the relators the Town of West New York, Peter Dugan and Frances Dugan, *Samuel L. Hirschberg.*

For the relator the mayor and council of the City of Hoboken, *John J. Fallon* and *Otmar J. Pellet.*

For the relator Town of Secaucus, *Edward A. Smarak.*

For the respondent Comptroller of the Treasury, *Walter D. Van Riper,* Attorney-General, *Herbert J. Hannoch* and *Benjamin C. VanTine.*

For the respondent Board of Education of the City of Newark, *Jacob Fox.*

PER CURIAM.

This case comes before us on consolidated rules to show cause why writs of *mandamus* should not issue.

The questions at issue are broadly two: I. Will the writ go against a state officer? This depends upon the question of whether *R. S.* 54:24-11, *et seq.,* still controls the distribution of moneys derived from railroad tax payments. II. Are chapters 4, 5, 6 and 34 of *Pamph. L.* 1945, constitutional enactments?

The second question presented requires the determination of the constitutionality of those statutes. We are not completely in accord upon that question. The solution of the problem is very close and has been most carefully considered.

Under *R. S.* 2:83-15, when a rule to show ·cause like in the present case is discharged as the legal consequence of a determination, as to the constitutionality of a statute, the

relator may take an appeal to the Court of Errors and Appeals. The constitutionality of the statute is the main issue before us.

To facilitate the determination of that issue in the court of last resort, we make such determination and discharge the rules, but without costs.